UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHEL WHITTLESEY, | CASE NO. C17-5362RBL |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| UNITED STATES TREASURY, | [Dkt. #3] |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Whittlesey's Motion for the appointment of counsel. [Dkt. #3] Whittlesey previously sought leave to proceed in forma pauperis but paid the filing fee the same day [Dkt. #2].

Whittlesey's complaint is difficult to read and comprehend. She appears to complain about the IRS form 1040 forms she has been filing for "21 years" and the fact that she routinely gets audited. She wants a refund plus interest, and punitive damages in the form of real estate. She claims that the "IRS Code" is unconstitutional, and that this Court has jurisdiction because the "defendants are who they are." [Dkt. #1]

An indigent plaintiff in a civil case has no constitutional right to counsel unless she may lose her physical liberty if she loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S.

18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis. United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

There is, of course, some tension between these factors. Whittlesey has (at least so far) demonstrated difficulty articulating her claims; the Court does not really know what she is complaining about, whether it has jurisdiction over the claims, or whether they are (as they appear to be) facially time-barred. On the other hand, this difficulty makes it impossible for the Court to conclude that Whittlesey has shown any likelihood of success on the merits of her claims.

Whittlesey has not met the exceptional circumstances standard for a court-appointed lawyer to represent her at taxpayer expense. Her motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated this 9th day of June, 2017.

Ronald B. Leighton
United States District Judge